Official Form 1 (04/07)

| United States Bankruptcy Court<br>DISTRICT OF DELAWARE | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Buffets Holdings, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See Schedule 1 attached hereto | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No.  (if more than one,<br>state all):<br>22-3754018 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than<br>one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1460 Buffet Way<br>Eagan, Minnesota<br><br>ZIP CODE   55121 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Dakota County, Minnesota | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Same<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>See Exhibit D on page 2 of this form.<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9              Recognition of a Foreign<br>☒ Chapter 11            Main Proceeding<br>☐ Chapter 12       ☐ Chapter 15 Petition for<br>☐ Chapter 13            Recognition of a Foreign<br>                         Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| | ☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | ☐ Debts are primarily consumer<br>debts, defined in 11 U.S.C.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-hold<br>purpose."      ☒ Debts are<br>primarily<br>business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is unable<br>to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed<br>to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more<br>classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT<br>USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>☐ Debtor estimates that, after any exempt property is excluded and administrative<br>expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to<br>$10,000 | ☒ $10,000 to<br>$100,000 | ☐ $100,000 to<br>$1 million | ☐ $1 million to<br>$100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to<br>$50,000 | ☐ $50,000 to<br>$100,000 | ☐ $100,000 to<br>$1 million | ☐ $1 million to<br>$100 million | ☒ More than $100 million |
|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Buffets Holdings, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor:<br>See Schedule 2 attached hereto | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☒    Exhibit A is attached and made a part of this petition. | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>      Signature of Attorney for Debtor(s)     (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☒    No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Buffets Holdings, Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of Attorney**

X *Pauline K. Morgan*
    Signature of Attorney for Debtor(s)

Pauline K. Morgan, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone (302) 571-6600 and Facsimile (302) 571-1253

*1-22-08*
_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Authorized Individual

R. Michael Andrews, Jr.
_____
Printed Name of Authorized Individual

Chief Executive Officer
_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address
_____

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-[_____]-(____) |
| BUFFETS HOLDINGS, INC., | : | |
| a Delaware corporation, et al.,[1] | : | Joint Administration Pending |
| | : | |
| Debtors. | : | |
| ------------------------------------------------------------ x | | |

### EXHIBIT "A" TO VOLUNTARY PETITION OF BUFFETS HOLDINGS, INC.[2]

1.    If any of the Buffets Holdings, Inc.'s ("Buffets Holdings") securities are registered under Section 12 of the Securities and Exchange Act of 1934, the SEC file number is 333-116897.

2.    The following financial data (which is consolidated among all the Debtors and certain non-debtor affiliates) is the latest available unaudited information on the Debtors' condition as of September 19, 2007.[3]

    a.    Total assets             $ 963,538,000

    b.    Total debts (including debts listed in 2.c., below)     $ 1,156,262,000

    c.    None of Debtors' debt obligations are held by more than 500 record holders.

    d.    As of July 30, 2007 the Buffets Holdings has 3,104,510 shares of common stock issued and outstanding.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739): Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299).  The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

[2]    The following financial data shall not constitute an admission of liability by the Debtors.  The Debtors reserve all rights to assert that any debt or claim listed herein as liquidated or fixed is in fact a disputed claim or debt.  The Debtors also reserve all rights to challenge the priority, nature, amount or status of a claim or debt.

[3]    Information contained herein is as reported on Buffets Holdings' 10-Q filed on September 19, 2007.

3.    The following persons directly or indirectly own, control, or hold, with power to vote, 5% or more of the voting securities of the Buffets Holdings:[4]

**Buffets Holdings**
**5% Shareholders**

| Shareholder Name | Number of Shares |
|---|---|
| Buffets Restaurants Holdings, Inc. | 3,104,510 |

---

[4]    The determination that there were no other persons known to the Debtors to beneficially own 5% or more of the Buffets Holdings voting securities was based on a review of all statements filed with the U.S. Securities and Exchange Commission with respect to Buffets Holdings pursuant to Section 13(d) or 13(g) of the Securities Exchange Act of 1934, as amended, since the beginning of the Buffets Holdings' fiscal year.

## SCHEDULE 1 TO VOLUNTARY PETITION

The Debtor has used the following other names during the previous 8 years, which includes trade names the Debtor has registered with various states:

> Old Country Buffet
> Country Buffet
> HomeTown Buffet
> Ryan's
> Ryan's Family Steakhouse
> Fire Mountain
> Granny's
> Tahoe Joe's
> Tahoe Joe's Famous Steakhouse
> Soup 'N Salad Unlimited
> Roadhouse Grill

## SCHEDULE 2 TO VOLUNTARY PETITION

### AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

Buffets Holdings, Inc.
Buffets, Inc.
HomeTown Buffet, Inc.
OCB Restaurant Company, LLC
OCB Purchasing Co.
Buffets Leasing Company, LLC
Ryan's Restaurant Group, Inc.
Buffets Franchise Holdings, LLC
Tahoe Joe's, Inc.
HomeTown Leasing Company, LLC
OCB Leasing Company, LLC
Big R Procurement Company, LLC
Ryan's Restaurant Leasing Company, LLC
Fire Mountain Restaurants, LLC
Ryan's Restaurant Management Group, LLC
Tahoe Joe's Leasing Company, LLC
Fire Mountain Leasing Company, LLC
Fire Mountain Management Group, LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------------------- x  Chapter 11

In re:                                                                 :

                                                                       :  Case No. 08-[_____]-(_____)

BUFFETS HOLDINGS, INC.,                                                :

a Delaware corporation, et al.,[1]                                     :  Joint Administration Pending

                                                                       :

    Debtors.                                             :

--------------------------------------------------------------------- x

### CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS

      The consolidated list of creditors being filed in electronic format contemporaneously with the foregoing petition (the "Creditor List") constitutes a full and complete list of the name and address of each creditor. This list is being filed pursuant to 11 U.S.C. § 521, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-captioned debtors (the "Debtors"), reserve the right to file an amended or supplemental list of creditors. The Creditor List is based upon the internal bookkeeping records of the Debtors and is accurate to the best of the undersigned's knowledge, information and belief, subject to further review.

      I, R. Michael Andrews, Jr., Chief Executive Officer of Buffets Holdings, Inc., a Delaware corporation, and an entity named as a Debtor in these cases, declare under penalty of perjury that I have read the Creditor List and it is true and correct to the best of my knowledge, information and belief.

Date: January __, 2008

                                       _____
                                       R. Michael Andrews, Jr.
                                       Chief Executive Officer

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739): Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299). The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x

In re:

BUFFETS HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

    Debtors.

------------------------------------------------------- x

Chapter 11

Case No. 08-[_____]-(___)

Joint Administration Pending

## LIST OF EQUITY INTEREST HOLDERS FOR
## BUFFETS HOLDINGS, INC.

    I, R. Michael Andrews, Jr., Chief Executive Officer of Buffets Holdings, Inc. a Delaware corporation, declare under penalty of perjury that I have read the List attached hereto as Exhibit "A" and that it is true and correct to the best of my knowledge, information and belief.

Dated: _____, 2008
       Eagan, Minnesota

BUFFETS HOLDINGS, INC.
a Delaware corporation

R. M

R. Michael Andrews, Jr.
Chief Executive Officer

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739): Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299). The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

1

| Equity Holder | Address | Percentage Interest |
|---|---|---|
| Buffets Restaurants Holdings, Inc. | 1460 Buffet Way, Eagan, MN 55121 | 100% |

DB02:6463092.7

066956.1001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------------------------ x | | Chapter 11 |
| In re: | : | |
| | : | Case No. 08-[_____]-(____) |
| BUFFETS HOLDINGS, INC., | : | |
| a Delaware corporation, et al.,[1] | : | Joint Administration Pending |
| | : | |
| Debtors. | : | |
| ------------------------------------------------------------------------ x | | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 40 LARGEST UNSECURED CLAIMS

Buffets Holdings, Inc., a Delaware corporation, and certain of its direct and indirect affiliates and subsidiaries, the debtors and debtors in possession in the above captioned cases (collectively the "Debtors"), filed voluntary petitions in this Court for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. This list of creditors holding the 40 largest unsecured claims (the "Top 40 List") has been prepared on a consolidated basis, from the Debtors' books and records as of January 9, 2008. The Top 40 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 40 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 40 largest unsecured claims. The information presented in the Top 40 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization and/or amount of any claim.

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739): Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299).  The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 1 | U.S. Bank National Association Corporate Trust Services *(indenture trustee as of the Petition Date)* | Timothy Sandell Vice President U.S. Bank National Association Corporate Trust Services 60 Livingston Avenue St. Paul, MN 55107-2292 Tel: 651-495-3959 Fax: 651-495-8100 Timothy.Sandell@USBank.com | Notes | Unliquidated | $321,050,000 |
|  | HSBC Bank USA, N.A. Corporate Trust & Loan Agency *(successor indenture trustee effective February 7, 2008)* | Sandra E. Horwitz 10 East 40th Street, 14th Floor New York, New York 10016 Tel: 212-525-1358 Fax: 212-525-1366 sandra.e.horwitz@us.hsbc.com  Dennis J. Drebsky, Esq. Nixon Peabody LLP 437 Madison Avenue New York, New York 10022 Tel: 212-940-3091 Fax: 866-678-8786 ddrebsky@nixonpeabody.com |  |  |  |
| 2 | North Star Foodservice, Inc. | Bill Murray 9399 West Higgins Rd. Rosemont, IL 60018 Tel: 847-720-8080 Fax: 847-720-8099 william.murray@usfood.com | Trade | Not applicable | $8,697,888.45 |
| 3 | WB Doner and Company | David DeMuth PO Box 67-28701 Detroit, MI 48267-0287 Tel: 248-354-9700 Fax: 248-827-8440 nweems@donerus.com | Advertising | Not applicable | $4,727,724.95 |
| 4 | Saladino's Inc. | Craig Saladino 3325 W. Figarden Dr. Fresno, CA 93711 Tel: 800-248-8089 Fax: 559-256-4600 csaladino@saladinos.com | Trade | Not applicable | $4,372,772.89 |

---

[2]      As noted above, the Debtors reserve their rights to dispute the claims on this schedule on any basis.

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 5 | Van Eerden Distribution Co. | Dan Van Eerden<br>650 Iona Ave., SW<br>P.O. Box 3110<br>Grand Rapids, MI  49501<br>Tel: 616-475-7402<br>Fax: 616-774-3973<br>danve@vaneerden.com | Trade | Not applicable | $2,017,204.68 |
| 6 | BiRite Foods | Steve Berulich<br>123 S Hill Dr.<br>Brisbane, CA  94005-1203<br>sbarulich@biritefoodservice.com | Trade | Not applicable | $1,987,305.95 |
| 7 | McDonald Wholesale Co. | Jake VanderVeen<br>2350 W Broadway<br>Eugene, OR  97402<br>Tel: 541-345-8421 x276<br>Fax: 541-284-1645<br>jvanderveen@mcdonaldwhsl.com | Trade | Not applicable | $1,570,265.73 |
| 8 | Feesers Inc. | Denny Layton<br>5561 Grayson Rd.<br>Harrisburg, PA  17111<br>Tel: 717-564-4636<br>Fax: 717-558-7450<br>dlayton@feesers.com | Trade | Not applicable | $1,415,516.73 |
| 9 | Upper Lake Foods Inc. | Jim Bradshaw<br>801 Industry Ave.<br>Cloquet, MN  55720<br>Tel: 218-879-7265<br>Fax: 218-879-1406<br>jimbradshaw@ulfoods.com | Trade | Not applicable | $1,261,656.03 |
| 10 | Shamrock Foods Co. | Jeff Peitzmeier<br>5199 Ivy St.<br>Commerce City, CO  80022<br>Tel: 800-289-3595 x8293<br>Fax: 303-288-5667<br>jeff_peitzmeier@shamrockfoods.com | Trade | Not applicable | $1,162,458.07 |
| 11 | Sunrise Produce | Paul Carone<br>PO Box 227220<br>Commerce, CA  90022<br>Tel: 323-726-3838<br>Fax: 323-582-5222<br>paulcarone@sunriseproduce.com | Trade | Not applicable | $1,014,934.41 |
| 12 | Piazza Produce | Pete Piazza<br>PO Box 68931<br>5941 W 82nd Street<br>Indianapolis, IN 46268-0931<br>Tel: 317-872-0101<br>Fax: 317-870-8784<br>ppiazza@piazzaproduce.com | Trade | Not applicable | $845,140.03 |

3

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|------|------------------|------------------------------------------------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------|-----------------------------------------------------------|
| 13 | Haag Food Service Inc. | Mike Strieker<br>300 North Haag St.<br>Breese, IL  62230-1758<br>Tel: 618-526-3133<br>Fax: 618-526-7596<br>mikestrieker@haagfoods.com | Trade | Not applicable | $735,460.18 |
| 14 | Daylight Foods Inc. | Chris Viahopouliotis<br>Daylight Produce<br>2970 Daylight Way<br>San Jose, CA  95111<br>Tel: 408-284-7300 x105<br>Fax: 408-284-7307<br>chrisv@daylightproduceco.com | Trade | Not applicable | $717,433.92 |
| 15 | Sysco Food Service | Debbie Martin<br>Sysco Corporation<br>20701 E Currier Rd<br>Walnut, CA  91789<br>Tel:  909-595-9595<br>Fax: 909-594-0565<br>Martin.debbie@la.sysco.com | Trade | Not applicable | $663,376.87 |
| 16 | Thurston Foods Inc. | Kevin Brown<br>30 Thurston Dr,<br>PO Box 744<br>Wallingford, CT  06492<br>Tel: 800-982l2227<br>Fax: 203-284-0712<br>kevin@thurstonfoods.com | Trade | Not applicable | $605,911.28 |
| 17 | Edward Don Company | Gary Siegel<br>2500 S Harlem Ave.<br>North Riverside, IL  60546<br>Tel: 708-883-8895<br>Fax: 708-883-8230<br>garysiegel@don.com | Trade | Not applicable | $462,331.89 |
| 18 | Hartford Specialty/ Specialty Risk Services, LLC | Thomas R. Sullivan, Sr. V.P.<br>Goodwin Square – 16th Floor<br>690 Asylum Ave.<br>Hartford, CT 06103<br>Fax: 856-547-5712 | Services | Unliquidated | $408,221.74 |
| 19 | DiCarlo Distributors Inc. | Michael DiCarlo<br>630 North Ocean Avenue<br>Holtsville, NY  11742<br>Tel: 631-758-6000 x131<br>Fax: 631-758-6096<br>mhdicarlo@dicarlofood.com | Trade | Not applicable | $370,565.23 |
| 20 | RSI Construction Services | 999 Polaris Parkway Ste 111<br>Columbus, OH 43240<br>Tel: 614-885-9707<br>Fax: 614-880-0150 | Trade | Not applicable | $339,081.60 |

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim [if secured also state value of security] |
|------|------------------|-------|-------|-------|-------|
| 21 | Brown FoodService, Inc. | Wayne Brown<br>500 East Clayton Lane<br>Louisa, KY 41230-0690<br>Tel: 606-638-1139<br>Fax: 606-638-1130<br>wbrown@brownfoodservice.com | Trade | Not applicable | $337,694.57 |
| 22 | Renzi Brothers Inc. | David Renzi<br>948 Bradley St.<br>PO Box 23<br>Watertown, NY 13601<br>Tel: 315-788-5610 x105<br>Fax: 315-788-9097<br>davidrenzi@renzi.net | Trade | Not applicable | $326,857.29 |
| 23 | Yancey's Food Service Supplier | Greg Yancey<br>5820 Piper Dr.<br>Loveland, CO 80538<br>Tel: 970-613-4333 x306<br>Fax: 970-613-4334<br>gyancey@yanceys.com | Trade | Not applicable | $311,579.23 |
| 24 | V. Marchese Inc. | Jack Wertz<br>613 South 2nd<br>Milwaukee, WI 53204<br>Tel: 800-538-8838<br>Fax: 414-289-0833<br>jackw@vmarchese.com | Trade | Not applicable | $296,937.50 |
| 25 | Bain & Company Inc. | PO Box 11321<br>Boston, MA 02211<br>Tel: 312-541-9500<br>Fax: 312-541-0089 | Services | Not applicable | $279,072.00 |
| 26 | Greenville County, South Carolina | PO Box 19114<br>Greenville, SC 29602-9114<br>Tel: 864-467-5673<br>Fax: 864-467-7358 | Taxes | Unliquidated | $261,521.03 |
| 27 | EcoLab | Troy Dahl<br>655 Lone Oak Dr, Floor 2<br>Eagan, MN 55121<br>Tel: 651-204-2645<br>Fax:651-204-2602<br>troy.dahl@ecolab.com | Trade | Not applicable | $253,136.70 |
| 28 | Phoenix Wholesale Food Service | David Collins<br>PO Box 707<br>Forest Park, GA 30051-0707<br>Tel: 800-613-1898<br>Fax: 404-363-4562<br>davidcollins@phoenixproduce.com | Trade | Not applicable | $240,243.70 |

5

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[2] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 29 | Impact Group | Paul Taunton<br>18760 Lake Drive East<br>Chanhassen, MN  55317<br>Tel: 952-278-7822<br>Fax: 952-216-0259<br>ptaunton@impactgroup.us | Trade | Not applicable | $228,856.04 |
| 30 | GE Capital Solutions | Tom Bessinger<br>3 Capital Dr.<br>Eden Prairie, MN  55344<br>Tel: 800-328-0244<br>Fax: 952-828-1023 | Lease | Not applicable | $225,123.01 |
| 31 | Waynetown Associates | 2800 E. River Road<br>Dayton, OH 45439-1538<br>Fax: 937-278-6334 | Lease | Not applicable | $208,403.18 |
| 32 | T & T Produce | Tony Buchanan<br>PO Box 5756<br>Ft. Ogelthorpe, GA  30742<br>Tel: 706-806-1012<br>Fax: 706-866-9118<br>producebuck@tandtproduce.com | Trade | Not applicable | $207,846.46 |
| 33 | Blue Cross Blue Shield SC | I-20 East AT Apline Rd.<br>Columbia, SC 29219<br>Tel: 1-800-288-2227<br>Fax: 803-870-8153 | Services | Not applicable | $205,898.75 |
| 34 | J Ambrogi Foods | Jerry Ambrogi<br>101 Ryan Ave<br>PO Box 86<br>Westville, NJ  08093<br>Tel: 856-845-0377<br>Fax: 609-845-0533<br>fruitkid@aol.com | Trade | Not applicable | $189,592.50 |
| 35 | Bix Produce | Randy Wilcox<br>1415 L'Orient St.<br>St Paul, MN  55117<br>Tel: 651-487-8000<br>Fax: 651-487.1314<br>Randy@bixproduce.com | Trade | Not applicable | $185,594.29 |
| 36 | Sirna & Sons Mainline Produce | Tom Sirna<br>7176 State Rte 88<br>Ravenna, OH  44266<br>Tel: 330-562-5221<br>Fax: 330-562-2995<br>tom@sirnaandsonsproduce.com | Trade | Not applicable | $183,988.53 |
| 37 | Service Management Group | 210 W 19th Terrace, Ste 200<br>Kansas City, MO 64108<br>Tel: 800-764-0439<br>Fax: 816-448-4599 | Trade | Not applicable | $173,218.20 |

| Rank | Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff[3] | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 38 | OK Produce | Gary Bettencourt<br>1762 G Street<br>Fresno, CA  93779-2838<br>Tel: 559-445-8600<br>Fax: 559-455-8691 | Trade | Not applicable | $157,519.77 |
| 39 | Blue Cross Blue Shield Minnesota | Julie Kacon<br>3535 Blue Cross Road<br>St Paul, MN 55164<br>Tel: 1-888-878-0139<br>Fax: 651-662-2856 | Services | Not applicable | $146,755.24 |
| 40 | Mento Produce | Frank Mento<br>946 Spence St.<br>Syracuse, NY  13204<br>Tel: 315-422-9195<br>Fax: 315-476-3403<br>frank@mentoproduce.com | Trade | Not applicable | $138,340.41 |

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:

BUFFETS HOLDINGS, INC.,
a Delaware corporation, et al.,[1]

    Debtors.
---------------------------------------------------------------- x

:   Chapter 11
:
:   Case No. 08-[_____]-(_____)
:
:   Joint Administration Pending
:
:
:

## DECLARATION CONCERNING THE DEBTORS' CONSOLIDATED LIST OF CREDITORS HOLDING THE 40 LARGEST UNSECURED CLAIMS

I, R. Michael Andrews, Jr., Chief Executive Officer of Buffets Holdings, Inc., a Delaware corporation, and an entity named as a debtor in these cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing Consolidated List of Creditors holding the 40 Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Date: January 21, 2008

R. Michael Andrews, Jr.
Chief Executive Officer

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Buffets Holdings, Inc. (4018); Buffets, Inc. (2294); HomeTown Buffet, Inc. (3002); OCB Restaurant Company, LLC (7607); OCB Purchasing Co. (7610); Buffets Leasing Company, LLC (8138); Ryan's Restaurant Group, Inc. (7895); Buffets Franchise Holdings, LLC (8749); Tahoe Joe's, Inc. (7129); HomeTown Leasing Company, LLC (8142); OCB Leasing Company, LLC (8147); Big R Procurement Company, LLC (5198); Ryan's Restaurant Leasing Company, LLC (7405); Fire Mountain Restaurants, LLC (8003); Ryan's Restaurant Management Group, LLC (6739); Tahoe Joe's Leasing Company, LLC (8145); Fire Mountain Leasing Company, LLC (7452); Fire Mountain Management Group, LLC (7299). The address for all of the Debtors is 1460 Buffet Way, Eagan, MN 55121.

## RESOLUTIONS OF BOARD OF DIRECTORS
## OF BUFFETS HOLDINGS, INC.

Upon motion duly made, seconded, and carried, the following resolutions were adopted by the affirmative vote of a majority of the directors present at the time of the vote, at a duly called meeting of the Board of Directors of Buffets Holdings, Inc. (the "Company" or the "Parent Corporation"), a Delaware corporation, in which a quorum was present, in each case, in accordance with the Articles of Incorporation and by-laws of the Company:

WHEREAS, the Board of Directors has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's products and services, and restaurant industry and credit market conditions; and

WHEREAS, the Board of Directors has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code;

NOW, THEREFORE, BE IT RESOLVED that, in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 11 of Title 11 of the United States Code; and it is further

RESOLVED that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which they deem reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

RESOLVED, that the Chief Executive Officer, Chief Financial Officer and Chief Operating Officer of the Company (collectively, the "Designated Officers"), be and each of them, acting alone, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED that the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel and to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 proceeding; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and

immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul Weiss"), be, and hereby is, authorized and empowered to represent the Company, as special corporate counsel in connection with securities law issues and related matters in connection with any case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Paul Weiss; and it is further

RESOLVED, that Kroll Zolfo Cooper LLC ("Kroll") be, and hereby is, authorized and empowered to represent the Company as its restructuring advisor, with regard to the Chapter 11 proceeding and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

RESOLVED, that Houlihan Lokey Howard & Zukin ("Houlihan") be, and hereby is, authorized and empowered to represent the Company as its investment banker, with regard to the Chapter 11 proceeding; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Houlihan; and it is further

RESOLVED, that Epiq Bankruptcy Solutions, LLC ("Epiq") be, and hereby is, authorized and empowered to serve as the notice, claims, solicitation and balloting agent in connection with any case commenced by the Company under the Bankruptcy Code; and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

RESOLVED that the Designated Officers be, and they hereby are, authorized and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Parent Corporation be, and it hereby is, authorized to enter into a Secured Super-Priority Debtor In Possession Credit Agreement or one or more other agreements and any amendments thereto (the "DIP Credit Agreement") by and among Buffets, Inc., a Minnesota corporation, (the "Borrower"), the Parent Corporation, each of the financial

-2-

institutions from time to time a party thereto (the "Lenders"), and Credit Suisse, as administrative agent and collateral agent (in such capacity, the "Agent"), to provide for loans to be made to the Borrower in an aggregate principal amount of up to $385,000,000 (including up to $300,000,000 of "roll-over" loans) which shall bear such interest, require the payment of such fees and have such other terms and conditions and be in such form as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval and determination; and it is further

RESOLVED, that to induce the Lenders under the DIP Credit Agreement to make loans to the Borrower, a wholly owned subsidiary of the Parent Corporation, the Parent Corporation be, and it hereby is, authorized (i) to guarantee the payment of the loans made under the DIP Credit Agreement, and payment and performance of all other obligations and liabilities of the Parent Corporation and its subsidiaries arising under, out of, or in connection with, the DIP Credit Agreement (collectively, the "Obligations"), and (ii) in furtherance of the foregoing, to enter into such guarantee or other agreements as the Agent may require on such terms and conditions and in such form as are approved or deemed necessary, appropriate or desirable by the officer executing the same (the "Parent Guarantee"), the execution thereof by such officer to be conclusive evidence of such approval and determination; and it is further

RESOLVED, that the Parent Corporation be, and it hereby is, authorized to secure the payment and performance of the Obligations by (i) pledging to the Agent, or granting to the Agent a lien or mortgage on or security interest in, all or any portion of the Parent Corporation's assets, including all or any portion of the issued and outstanding capital stock of the Borrower now owned or hereafter acquired by the Parent Corporation, and (ii) entering into such security agreements, pledge agreements, intercreditor agreements, mortgages, control agreements, and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same (collectively, the "Security Agreements"), the execution thereof by such officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that any of the Designated Officers be, and each of them individually hereby is, authorized, in the name and on behalf of the Parent Corporation, to execute and deliver the DIP Credit Agreement, the Security Agreements, and the Parent Guarantee (collectively, the "Principal Agreements"), and any other agreements or amendments related thereto or required thereby containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such determination, and to do all such other acts or deeds as are or as are deemed by such officer to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions; and it is further

RESOLVED, that the Parent Corporation be, and it hereby is, authorized to perform fully its obligations under the Principal Agreement, and any such other agreements or amendments and to engage without limitation in such other transactions, arrangements or activities (collectively, the "Activities") as are reasonably related or incident to or which will

serve to facilitate or enhance for the benefit of the Parent Corporation and its subsidiaries the transactions contemplated by these resolutions, including without limitation any modification, extension or expansion (collectively, the "Changes") of any of the Activities or of any other transactions, arrangements or activities resulting from any of the Changes and to enter into such other agreements or understandings as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and each of the foregoing resolutions; and it is further

RESOLVED, that all actions previously taken by any director, officer, employee or agent of the Parent Corporation in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Parent Corporation; and it is further

RESOLVED, that each and every officer of the Company be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and be it further

RESOLVED, that all actions heretofore taken by any officer or director of the Company in connection with the foregoing resolutions be, and they hereby are, confirmed, ratified and approved in all respects.

Dated: January 21, 2008

By: _____

Name:  H. Thomas Mitchell

Title:   Secretary

DB02:6463092.6

066956.1001

### BUFFETS HOLDINGS, INC. SECRETARIAL CERTIFICATE

The undersigned, H. Thomas Mitchell, Secretary of Buffets Holdings, Inc. (the "Company"), a Delaware corporation, hereby certifies as follows:

1. I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true and complete copy of the Resolutions of the Board of Directors of the Company, duly adopted at a properly convened meeting of the Board of Directors on Jan. 21, 2008, by unanimous vote of the directors, in accordance with the by-laws of the Company.

3. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board of Directors of the Company relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 21 day of January, 2008.

H. Thomas Mitchell
Secretary

DB02:6463092.6

066956.1001