UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
------------------------------------------------------------X
In re:                                    Chapter 11

BUFFETS HOLDINGS, INC., et al.,           Case No. 08-10141 (MFW)

                                          (Jointly Administered)
                        Debtors.
------------------------------------------------------------X

## COVER SHEET FOR FINAL APPLICATION OF FTI CONSULTING, INC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 29, 2008 THROUGH APRIL 28, 2009

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | Retention order entered April 16, 2008 Effective as of January 29, 2008 |
| Period for which Compensation/ Reimbursement is Sought: | January 29, 2008 through April 28, 2009 |
| Compensation Sought as Actual, Reasonable and Necessary: | $ 3,706,021.51[1] |
| Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 15,776.24 |

This is a: ___ monthly  _X_ final application

---

[1] Includes Completion fee of $700,000 ($1,000,000 less $300,000 in monthly fee credits) pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors entered on April 16, 2008.

1

The following reflects monthly applications filed in these cases:

| DATE FILED/ SERVED | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | APPROVED FEES | APPROVED EXPENSES |
|---|---|---|---|---|---|
| May 8, 2008 | January 29, 2008 through February 29, 2008 | $219,354.84 | $1,151.00 | $219,354.84 | $1,151.00 |
| May 22, 2008 | March 1, 2008 through March 31, 2008 | $200,000.00 | $6,320.90 | $200,000.00 | $6,320.90 |
| May 22, 2008 | April 1, 2008 through April 30, 2008 | $200,000.00 | $209.23 | $200,000.00 | $209.23 |
| June 6, 2008 | May 1, 2008 through May 31, 2008 | $200,000.00 | $82.54 | $200,000.00 | $82.54 |
| August 12, 2008 | June 1, 2008 through June 30, 2008 | $200,000.00 | $876.60 | $200,000.00 | $876.60 |
| September 2, 2008 | July 1, 2008 through July 31, 2008 | $200,000.00 | $330.35 | $200,000.00 | $330.35 |
| October 8, 2008 | August 1, 2008 through August 31, 2008 | $200,000.00 | $70.75 | $200,000.00 | $70.75 |
| November 7, 2008 | September 1, 2008 through September 30, 2008 | $200,000.00 | $2,304.16 | $200,000.00 | $2,304.16 |
| November 26, 2008 | October 1, 2008 through October 31, 2008 | $200,000.00 | $1,025.47 | $200,000.00 | $1,025.47 |
| January 5, 2009 | November 1, 2008 through November 30, 2008 | $200,000.00 | $3,110.49 | $200,000.00 | $3,110.49 |
| February 2, 2009 | December 1, 2008 through December 31, 2008 | $200,000.00 | $106.96 | $200,000.00 | $106.96 |

| DATE FILED/ SERVED | PERIOD COVERED | FEES REQUESTED | EXPENSES REQUESTED | APPROVED FEES | APPROVED EXPENSES |
|---|---|---|---|---|---|
| February 28, 2009 | January 1, 2009 through January 31, 2009 | $200,000.00 | $44.92 | $200,000.00 | $44.92 |
| April 6, 2009 | February 1, 2009 through February 28, 2009 | $200,000.00 | $88.52 | $160,000.00 | $88.52 |
| May 5, 2009 | March 1, 2009 through March 31, 2009 | $200,000.00 | $0.00 | Pending | Pending |
| Previously Unbilled | April 1, 2009 through April 28, 2009 | $186,666.67 | $54.35 | Pending | Pending |
| Previously Unbilled | Completion Fee[1] | $700,000.00 | N/A | Pending | N/A |

---

[1] Amounts are net of $300,000 in monthly fee credits pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors entered on April 16, 2008.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
---------------------------------------------------------X
In re:                                                    Chapter 11

BUFFETS HOLDINGS, INC., et al.,                           Case No. 08-10141 (MFW)

                                                          (Jointly Administered)

                        Debtors.
---------------------------------------------------------X

**FINAL APPLICATION OF
FTI CONSULTING, INC. FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
<u>FOR THE PERIOD FROM JANUARY 29, 2008 THROUGH APRIL 28, 2009</u>**

TO:   THE HONORABLE MARY F. WALRATH,
      UNITED STATES BANKRUPTCY JUDGE

The Application (the "Application") of FTI Consulting, Inc. (the "Applicant"), as financial advisor for the Official Committee of Unsecured Creditors (the "Committee") of Buffets Holdings, Inc., et al. (the "Debtors"), respectfully represents and alleges:

## I. INTRODUCTION

1.   Applicant, as financial advisor for the Committee, makes this final Application for payment of professional services rendered and expenses incurred in its representation of the Committee as provided under Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Applicant, for its final allowance, seeks an award of compensation in the amount of $3,006,021.51 for 5,016.1 hours of professional services rendered, reimbursement of disbursements actually and necessarily incurred in the amount of $15,776.24 and $700,000.00 in connection with FTI's Completion Fee pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors. These services were rendered, and disbursements recorded, from January 29, 2008 through April 28, 2009, both dates inclusive (the "Application Period").1

## II. BACKGROUND

3. On January 22, 2008, (the "Petition Date") the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This Court has entered an Order directing joint administration of these Chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

1 Applicant reserves the right to seek at a later date, but in no event later than the hearing on final fee applications, compensation for services rendered and reimbursement for expenses incurred during the Application Period which are not included herein.

5.   On January 29, 2008, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code.[2] On January 29, 2008, the Committee selected The Coca-Cola Company, represented by William Kaye, as its Co-Chairperson, as well as Levine Leichtman Capital Partners Deep Value Fund, L.P., represented by Jason D. Schauer as its Co-Chairperson. Thereafter, the Committee selected Otterbourg, Steindler, Houston & Rosen, P.C. ("OSH&R") to serve as its counsel and also selected Pachulski Stang Ziel & Jones LLP to serve as its Delaware co-counsel and FTI Consulting, Inc. to serve as its financial advisors. On April 16, 2008, the Court entered an Order authorizing the retention and employment of Applicant as financial advisor to the Committee in these cases.

6.   The Debtors have represented, among other things, that: (a) the Debtors comprise the nation's largest steak-buffet restaurant chain and the second largest restaurant company in the family dining segment of the restaurant industry; (b) the restaurants principally operate under the names Old Country Buffet®, Country Buffet®, HomeTown Buffet®, (collectively, the "Buffets Brand"), Ryan's®, and Fire Mountain® (collectively, the "Ryan's Brand"); (c) the Debtors also own and operate 11 Tahoe Joe's Famous Steakhouse® restaurants ("Tahoe Joe's"); (d) as of January 14, 2008, the Debtors had 615 company-owned steak-buffet restaurants, 11 Tahoe Joe's Famous Steakhouse® restaurants, and 16 franchised locations, collectively operating in 42 states; (e) approximately two-thirds of the Debtors' restaurant facilities are freestanding units and one-third are located in strip shopping centers or malls; (f) on average, each of the Buffets Brand restaurants served approximately 6,700 customers per

---

2   On January 29, 2008, the Appointment of the Official Creditor Committee of Unsecured Creditors was docketed by the Office of the United States Trustee. See Docket No. 89.

1272641.1

week in fiscal year 2007, while each Ryan's Brand restaurant served approximately 5,300 customers per week in fiscal 2007; (g) in the aggregate, the Debtors' restaurants service approximately 3.8 million customers per week; (h) as of January 14, 2008, the Debtors employed over 36,000 employees; and (i) except for approximately 585 corporate employees, nearly half of which work at the Debtors' corporate headquarters in Eagan, Minnesota, the Debtors' employees work at the Debtors' restaurants.

7. The Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated February 11, 2008 [Docket No. 260] (the "Compensation Procedures Order") provided for the payment of eighty percent (80%) of requested fees and one-hundred percent (100%) of requested disbursements upon the filing of a certification of no objection respecting each monthly fee application. The Compensation Procedures Order also permitted professionals to file notices of quarterly requests for allowance of compensation which, after approval by this Court, authorized payment of the remaining twenty percent (20%) of the fee "holdbacks."

8. From January 29, 2008 through April 28, 2009 (the "Application Period"), Applicant has incurred $3,006,021.51 in professional fees and $15,776.24 for disbursements, of which $2,579,354.84 and $15,721.89, respectively, has been paid to date by the Debtors in accordance with the Compensation Procedures Order. The Applicant is seeking $186,666.67[3] in professional fees and $54.35 in necessary out-of-pocket expenses during the Application Period, which amount Applicant now seeks approval of pursuant to this Application because such

---

3     Specifically, Applicant incurred and recorded but did not request in any of its previously filed monthly or quarterly applications the following: $186,666.67 in professional fees and $54.35 in necessary out of pocket expenses during the period from April 1, 2009 through April 28, 2009

amounts were not requested in any of Applicant's previously filed monthly or quarterly applications. Accordingly, Applicant currently seeks approval of the aggregate $3,006,021.51 relating to professional services rendered, reimbursement of disbursements actually and necessarily incurred in the amount of $15,776.24 and $700,000.00 in connection with FTI's Completion Fee pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors. As of the date of this Application, Applicant is owed $426,666.67 for professional fees, $54.35 for disbursements, and $700,000.00 in connection with FTI's Completion fee which amounts have not yet been paid by the Debtors.

amounts were not requested in any of Applicant's previously filed monthly or quarterly applications. Accordingly, Applicant currently seeks approval of the aggregate $3,006,021.51 relating to professional services rendered, reimbursement of disbursements actually and necessarily incurred in the amount of $15,776.24 and $700,000.00 in connection with FTI's Completion Fee pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors. As of the date of this Application, Applicant is owed $426,666.67 for professional fees, $54.35 for disbursements, and $700,000.00 in connection with FTI's Completion fee which amounts have not yet been paid by the Debtors.

### III. APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Fees and Expenses Covered Herein

9. Prior to the filing of this Application, monthly fee applications for the time period January 29, 2008 through March 31, 2009 had been filed with the Court (the "Monthly Fee Applications")[4]. Attached hereto as Exhibits "I" through "V" are copies of Applicant's Monthly Fee Applications that were previously filed in these cases. The Monthly Fee Applications covered by this Application contain summaries and descriptions of the actual and necessary services provided by Applicant during the period from January 29, 2008 through March 31, 2009 (the "Monthly Fee Application Period") as well as other detailed information required to be included in fee applications. In addition, as part of this application, the Applicant has included previously unbilled time for the Period April 1, 2009 through April 28, 2009 (collectively with the Monthly Fee Applications, the Application Period).

#### Professional Services Rendered

10. In order to assist the Court, the Debtors, the United States Trustee and other parties in interest in evaluating this Application for compensation, a summary sheet of hours incurred by professional and by Project Code for the Application Period are respectively annexed hereto as Exhibit "B" and Exhibit "C".

---

4 Exhibits summarizing the previously unbilled compensation period from April 1, 2009 through April 28, 2009 are attached as Exhibits "E" "F" & "G".

1272641.1

11. A summary sheet which includes identification of Applicant's disbursements, necessarily incurred in the performance of Applicant's duties as financial advisor to the Committee, is annexed hereto as Exhibit "D" with respect to the Application Period.

12. Exhibits summarizing hours incurred by professional and task code and necessary out of pocket expenses for the previously unbilled period of April 1, 2009 through April 28, 2009 are attached as Exhibits "E" "F" & "G", respectively.

13. A summary of work performed in each significant task code is annexed hereto as Exhibit "H".

14. Applicant has worked closely with the Debtors' financial advisor, the other case professionals and the Committee to avoid unnecessary duplication of services charged to the Debtors' estates.

## Relief Requested

15. By this Application, Applicant requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by Applicant during the Application Period.

16. At all relevant times, Applicant has been a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

17. As stated in the Affidavit of Michael C. Eisenband, annexed hereto as Exhibit "A", Applicant has not agreed to share any compensation to be received herein with any other person.

18. The professional services and related expenses for which Applicant requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of Applicant's professional responsibilities as financial advisor for the Committee. Applicant's services throughout the Application Period have enhanced the Committee's understanding of many issues critical to these cases. Furthermore, Applicant's efforts have enabled the Committee to act in an informed, efficient manner and to actively participate in these cases and to significantly assist in the maximization of value to the estates. Applicant's services have been necessary and beneficial to the Committee, the Debtors, their estates, creditors, and other parties in interest.

19. In accordance with the factors enumerated in section 328 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Applicant has reviewed the requirements of the Delaware Local Rules and believes that this Application complies with such rules.

WHEREFORE, Applicant respectfully requests that the Court enter an order providing that, for the Application Period, a final allowance be made to Applicant in the sum of $3,006,021.51 relating to professional services rendered, reimbursement of disbursements actually and necessarily incurred in the amount of $15,776.24 and $700,000.00 in connection with FTI's Completion Fee pursuant to the Order Authorizing Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured Creditors for a total of $3,721,797.75; that Debtors be authorized and directed to pay to Applicant the outstanding amount of such sums.

Dated: New York, New York
June 17, 2009

FTI CONSULTING, INC.

By: _____
Michael C. Eisenband
Senior Managing Director
Financial Advisor for the Official
Committee of Unsecured
Creditors of Buffets Holdings, Inc., et al.
3 Times Square
New York, New York 10036
(212) 499-3647

1272641.1